**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1519**

PAUL IGNATIUS TAYLOR,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent,

-------------------------------------------

IMMIGRANT DEFENSE PROJECT; NATIONAL IMMIGRATION PROJECT OF
THE NATIONAL LAWYERS GUILD,

        Amici Supporting Petitioner.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: November 20, 2012      Decided: January 7, 2013

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Dean E. Wanderer, DEAN E. WANDERER & ASSOCIATES, Fairfax,
Virginia, for Petitioner. Stuart F. Delery, Acting Assistant
Attorney General, Daniel E. Goldman, Senior Litigation Counsel,
Jem C. Sponzo, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. Trina
Realmuto, Sejal Zota, NATIONAL IMMIGRATION PROJECT OF THE

NATIONAL LAWYERS GUILD, Boston, Massachusetts.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Ignatius Taylor, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing his appeal of the immigration judge's ("IJ") order, which granted the Attorney General's motion to pretermit Taylor's application for cancellation of removal, on the basis that Taylor was statutorily ineligible for that relief by operation of the "stop-time" rule embodied in 8 U.S.C. § 1229b(d)(1)(B) (2006). Because we conclude that the Board did not err in ruling that the permanent stop-time rule is retroactively applicable to Taylor's 1980s-era convictions, we deny the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court generally lacks jurisdiction to review the final order of removal of an alien convicted of certain enumerated crimes, including controlled substance offenses referenced in 8 U.S.C. § 1227(a)(2)(B) (2006). Taylor does not dispute that he committed a controlled substance offense, rendering him deportable under § 1227(a)(2)(B). Nevertheless, this court retains jurisdiction to review "constitutional claims or questions of law" raised in a petition for review of an otherwise unreviewable deportation order. 8 U.S.C. § 1252(a)(2)(D) (2006); see Turkson v. Holder, 667 F.3d 523, 526-27 (4th Cir. 2012). We review the Board's legal

3

determinations de novo, generally giving deference to its interpretations of its own governing regulations. Turkson, 667 F.3d at 527. Where the statutory text is unambiguous, however, there is no unclarity over which the agency may assert its interpretive prerogative, and deference to its interpretation is therefore unwarranted. Salem v. Holder, 647 F.3d 111, 115 (4th Cir. 2011), cert. denied, 132 S. Ct. 1000 (2012); see also INS v. St. Cyr, 533 U.S. 289, 320 n.45 (2001).

Taylor primarily challenges the Board's conclusion that the permanent stop-time rule retroactively applies to him. The relevant facts are well-known to the parties. In short, fewer than six years after he entered the United States as a lawful permanent resident, Taylor pled guilty in 1980 and in 1981 to two controlled substance offenses. Although at least his 1980 conviction rendered him deportable, Taylor remained in the United States. In 2007, he committed two more deportable controlled substance offenses. Deportation proceedings were commenced, and Taylor conceded removability. Although Taylor applied for cancellation of removal under 8 U.S.C. § 1229b(a) (2006), the IJ granted the Attorney General's motion to pretermit the application, citing the stop-time rule. According to the IJ, Taylor's period of continuous residence stopped with the commission of his 1980 offense, rendering him bereft of the seven years of continuous residence required under § 1229b(a)(2)

4

for eligibility for cancellation of removal. On appeal, the Board agreed with the IJ's assessments. Taylor then filed this petition for review.

Taylor concedes that if the stop-time rule applies to his case, he does not possess the requisite seven years of continuous residence. So he attempts to evade the straightforward application of the stop-time rule by observing that it came into effect only with the introduction of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 — a decade and a half after he had pled guilty to the offenses that now trigger the stop-time rule. According to Taylor, the stop-time rule may not be applied retroactively to give his previous convictions an effect that he did not contemplate at the time of his pleas. As the Supreme Court has explained, there is a "presumption" against retroactive legislation: "[C]ourts read laws as prospective in application unless Congress has unambiguously instructed retroactivity." Vartelas v. Holder, 132 S. Ct. 1479, 1486 (2012).

The determination whether a statute applies retroactively is an exercise in deciphering Congressional intent. Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994). It involves two steps. First, the court must determine whether "'Congress has expressly prescribed the statute's proper

5

reach.'" Appiah v. INS, 202 F.3d 704, 708 (4th Cir. 2000) (quoting Landgraf, 511 U.S. at 280). If Congress has done so, "this is the end of the analysis and there is no need 'to resort to judicial default rules.'" Id. (quoting Landgraf, 511 U.S. at 280). Where, by contrast, the statute does not contain explicit language reflecting Congressional intent, the court must determine whether the statute would have impermissible retroactive effect; that is, if it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." St. Cyr, 533 U.S. at 320, 321 (internal quotation marks omitted).

While "likelihood of reliance on prior law strengthens the case for reading a newly enacted law prospectively," the presumption against retroactive application "does not require a showing of detrimental reliance." Vartelas, 132 S. Ct. at 1491. Instead, "[t]he essential inquiry . . . is 'whether the new provision attaches new legal consequences to events completed before its enactment.'" Id. (quoting Landgraf, 511 U.S. at 270). "If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." Landgraf, 511 U.S. at 280.

In our view, even if the relevant statutory language is silent as to Congressional intent,[*] application of the permanent stop-time rule to Taylor's circumstances would not have an "impermissible retroactive effect." St. Cyr, 533 U.S. at 320. Despite the fact that Taylor claims that he pled guilty to his 1980s-era offenses in reliance on the availability of a waiver under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c) (1976), it is apparent that he cannot have done so. Cf. St. Cyr, 533 U.S. at 321-26. Simply put, he was not eligible for such relief at the time of his guilty pleas. There is no dispute that, at the time of his conviction, his 1980 controlled substance offense was a deportable offense. See 8 U.S.C. § 1251(a)(11) (1976). And given that he committed his offense fewer than six years after arriving in the United States, Taylor was not eligible at the time of his conviction to apply for a § 212(c) waiver, because such a waiver required permanent residents to possess at least seven consecutive years of "lawful unrelinquished domicile." 8 U.S.C. § 1182(c)

---

[*] We take no position as to whether our reasoning in Appiah, 202 F.3d at 708-09, which ruled on the retroactivity of the transitional stop-time rule, controls the result here. See Martinez v. INS, 523 F.3d 365, 371 (2d Cir. 2008) (describing the difference between the permanent and transitional stop-time rules); Sinotes-Cruz v. Gonzales, 468 F.3d 1190, 1199-200 (9th Cir. 2006); Heaven v. Gonzales, 473 F.3d 167, 174 (5th Cir. 2006).

(1976); see also St. Cyr, 533 U.S. at 294-96 (discussing the relief available under § 212(c)). Because Taylor was not eligible for discretionary relief under § 212(c) at the time of his 1980 offense, it cannot be the case that retroactive application of the permanent stop-time rule imposes any new legal disability on the fact of Taylor's conviction. See Martinez, 523 F.3d at 374. Accordingly, the permanent stop-time rule does not have an impermissible retroactive effect when applied to Taylor. See Vartelas, 132 S. Ct. at 1490-92; St. Cyr, 533 U.S. at 321-26.

Finally, to the extent that Taylor asserts that his brief exit from and reentry into the United States in 1984 restarted his ability to accrue the requisite period of continuous residency, we decline his invitation to overturn the Board's rejection of his argument. See Nelson v. Attorney Gen., 685 F.3d 318, 323-25 (3d Cir. 2012) (upholding Board's conclusion that reentry did not "restart the clock").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

8